```
AMERICAN ARBITRATION ASSOCIATION
-----------------------------------X
In the Matter of Arbitration
                                             OPINION
     -between-                                 and
                                             AWARD
Huntington Hospital Nurses Association
               (Union)


     -and-


Huntington Hospital
               (Employer)


AAA Case No.: 01-17-0001-1491
Grievance: 16-09 Alleged Improper
Elimination of non-copay Physical
Therapy
-----------------------------------X
```

**Before:**   Deborah M. Gaines, Esq.
              Arbitrator

**APEARANCES:**

    <u>For the Union</u>

    Davis & Ferber, LLP
    By: Christopher S. Rothemich, Esq.


    <u>For the Employer</u>

    Phillip Repash, Esq.


The undersigned was appointed to hear and decide the grievance described below under the rules of the American Arbitration Association.  A hearing was held on November 6, 2017 at the Huntington Hospital Human Resources Building, 24 View Acre Drive, Huntington, NY.

The parties were accorded a full and fair hearing including the opportunity to present documentary evidence, examine and cross-examine witnesses, and make arguments in support of their respective positions. The parties submitted post-hearing briefs, at which time the record was declared closed.  Neither party has raised any objection to the fairness of this proceeding.

<u>Issues:</u>

The parties stipulated to the following issues for arbitral determination:

1. Is the Grievance time barred?
2. If not, whether the requirement for nurses in the Union Health Plan to pay co-payments for outpatient physical therapy violates Article 10, Section N of the parties' collective bargaining Agreement?  If so, what shall the remedy be?

<u>Relevant Language</u>

<u>Article 10. Monetary Benefits: Miscellaneous</u>

. . .

N. <u>Past Practices.</u>
    The employer shall not eliminate any generalized benefit that has been continuously enjoyed by employees for a substantial period of time which shall include, but not limited to; discounted meal program; discounted hospital services; hospital provided scrub garments; and employee health services, etc.

**<u>Discussion and Findings</u>**

The Union grieves the elimination of "no-copay outpatient physical therapy (PT) services for its members,

which it maintains existed for approximately 20 years. Union Treasurer, JoAnn Pirro, testified the benefit has been in existence during her employment at the Hospital since 1987.  She testified she used this benefit in 2002 or 2003 when she developed plantar faciitis.  Pirro testified she used the Hospital's outpatient PT services for approximately three months. Although she did not recall the exact procedure, she remembered signing in and that there was no payment necessary.

Pirro testified she later had a knee injury in approximately 2006 in which she also needed PT. However, at that time, she had to see a private PT provider, outside the hospital.  She noted she received these outpatient services with without having to pay a co-pay as well.

According to Pirro, she became aware of a change to the practice in 2016 when she went to a STARS facility after the Hospital closed its facility within the hospital. She noted her first session was without a copay, but when she returned she was advised there was an error and that she a co-payment was required.

She testified she consulted with Union President Pat Mills and they discussed the situation with human resources.  After being informed by HR that there would be co-payment at STARS, they filed a grievance. According to

3

Pirro and President Pat Mills, the Union had no knowledge of the change in co-pay status until 2016.  The communications about the opening of the STARS facility (both by flier and closed caption television within the hospital) indicated employees with North-Shore Insurance would receive services without a copayment, according to both Mills and Pirro.  They testified they learned of additional members who were charged a copay since filing the grievance.

Lisa Khavikin, Vice President of Human Resources at the Hospital testified Huntington Hospital's outpatient clinic closed in September 2014.  The announcement was made by letter dated August 1, 2014.  [Joint Exhibit 3] She noted that in 2014, the Union members had two options for insurance.  Either the Union Plan, which had either an EPO or POS option, or the NorthShore LIJ sponsored plan.  She noted there is a co-pay attached to the health plans.  In fact, she testified the Huntington RN plan never had a $0 copay.

Khavin testified non-union employees do not have a co-pay attached to their insurance for outpatient PT.  She testified the RN's may opt for the non-union health plan, where they would also receive $0 copay for PT services.

4

Finally, Brian Krebb, Senior Director of STARS Rehabilitation Services testified.  He noted STARS has 9 clinical sites, including Huntington.  He testified STARS is a non-profit subsidiary of Northwell.  He noted the two entities have separate tax identifications, budgets and no shared employees.

According to Krebbs, since the closing of Huntington's PT facility, 16 RNs from the Hospital have used STARS.  Of those, 12 paid the full co-pay.  He noted an exception was made for four people due to the initial flier posting the services reading as if all employees received $0 copay.  Because it was not clear, STARS corrected it.

### Positions of the Parties

As a threshold matter, the Union asserts the grievance is neither time barred nor waived by the Union.  It argues the Union had no reason to know the benefit was eliminated until 2016, when Treasurer Pirro was charged a co-pay.  It maintains all the information disseminated by the hospital and Stars indicated hospital caregivers and employees who had Northshore health insurance would continue not to have copays for outpatient PT services. It specifically points to Joint Exhibit 3, a letter dated August 1, 2014 whereby the hospital employees will clearly have the same "no co-pay" benefit for themselves family members covered by the

5

plan.   Thus, the Union filed a grievance when it had notice of the change.

As to the merits of the Grievance, the Union argues the contract language is clear and unambiguous. It argues the contract clearly defines the service at issue as a generalized benefit and the evidence shows it was continuously enjoyed for at least 20 years.  It argues the Hospital presented no evidence to dispute this.  In fact, it maintains the Human Resources Vice President acknowledged she merely looked at the plans when determining whether such a practice existed.  Thus, it argues, the contract clearly prohibits the Hospital from eliminating the benefit.

The Union maintains the closure of the Hospital's PT facility does not impact it obligation to continue the benefit. It argues the way the benefit is provided is not at issue.  It acknowledges management has the right to change how the service (PT) is delivered.  However, it contends, the contract prohibits elimination of the benefit – no copay PT visits. Moreover, it argues that there is no evidence suggesting that the continuation of the benefit or underlying reason for the benefit has changed.  It maintains employees still need such services.

Finally, it maintains the parties' contract contains a succession clause which provides the parties, successors and/or assigns are bound by the Agreement.  To the extent, the August 1, 2014 letter is an assignment of the outpatient services, the successor, STARS, is still bound according to the Union.  It argues the evidence clearly establishes the relationship between STARS and Northwell would implicate the successor clause.

The Hospital, on the other hand, argues first that the grievance is time barred. It notes Huntington Hospital's outpatient physical therapy facility closed on September 14, 2014.  Thus, it maintains, the grievance filed by the Union on December 26, 2016 falls well beyond the 30-day time limit contained in Article 14(c) of the parties' CBA.

With respect to the merits, the Hospital argues the Union has failed to meet its burden to establish a contractual violation. It notes the contract defines a past practice as a "generalized benefit that has been continuously enjoyed for a substantial period of time."  It contends the Union merely presented anecdotal evidence of the practice's existence, which fails to establish it existed continuously for a substantial period of time.

Moreover, it maintains, STARS is a separate business entity and the Union cannot require STARS to waive its

7

copay. It notes the parties' negotiated health plan contains the copay and has since the time the STARS announcements were distributed.

To the extent that any practice existed, the Hospital argues the practice clearly ended when the outpatient facility was closed at the Hospital.  It maintains the underlying condition of providing the benefit changed, and in accordance with general arbitral principals, the Employer is no longer obligated to maintain such a past practice.

## Decision

After carefully reviewing the entire record before me, as well as evaluating witness credibility and the probative value of evidence, I find the Employer violated Article 10, Section N of the parties' Agreement when it ended no-copay outpatient physical therapy services for HHNA members.  My reasons follow.

### Timeliness

While the change in service provider for outpatient PT services occurred in 2014, the notification to the Union was not sufficient to place it on notice the practice was ending.  In fact, the notice announcing the STARS Huntington facility specifically stated:

**No Co-Pay/Deductible for employees and family members with NorthShore-LIJ insurance plans.**

The record evidence shows the insurance cards for Union members electing the Union Sponsored plan also indicated it was Northshore-LIJ Insurance.  The use of the plural regarding the "plans" in this case was not sufficient to place the Union on notice of their copay status with STARS.[1] To the contrary, Mr. Kreggs testified STARS eventually sent out new notices in 2016 after determining the language was confusing.

I credit Pirro's testimony that the first the Union learned of the problem was when she experienced the problem in 2016.  Thus, under these circumstances, I find the Grievance is not time barred.

Merits

Turning to the merits of the dispute, the record evidence establishes the Employer violated the Agreement by ending the no copay benefit. Article 10, Section N prohibits the Employer from eliminating any "generalized benefit that has been continuously enjoyed by employees for a substantial period of time."  The Agreement clearly includes no copay PT visits, as it specifically lists "health services" as a type of covered benefit. Thus, at

---

[1] Nurses can either join one of the Union sponsored plans or the Northshore-LIJ plan. However, the Union sponsored plan also references Northshore on its enrollment card.

issue, is whether the benefit was continuously enjoyed for a substantial period of time.

The credible record evidence demonstrates the no-copay services were enjoyed for over 20 years and not interrupted until fall 2014.  I credit Pirro's testimony that outpatient PT visits were provided to her members without a co-payment for more than 20 years.  She specifically used such benefits.  Her testimony was unrebutted.  She also confirmed that this benefit was honored with a provider outside the Hospital.  The Hospital offered no record evidence of any copays prior to STARS being paid, nor any testimony to rebut the Union's evidence.

While the Hospital correctly argues that past practices may be ended once the underlying condition under which the practice was formed ends, this generalized arbitral principal does not apply here.  In this case, the grievance arises out of a specific contract provision. Article 10, Section N prohibits the employer from eliminating the "past practice" which is defined by Agreement.

Nor is fact that STARS is a separate business entity from the Hospital establish a basis to deny the grievance. In finding the Employer may not end the benefit, the undersigned makes no determination on how the benefit is

10

provided.  Rather, I find only that the Employer violated the contract by imposing a copayment when it did not charge one for over two decades when there is no evidence it negotiated a change.[2]  Under these circumstances, it may not unilaterally end the benefit of no copay outpatient PT Services.

Turning to the issue of remedy, the Employer cannot eliminate the benefit and must reimburse those HHNA members who incurred copayments for such services.

Based upon the above, I render the following,

**AWARD:**

1. The Grievance is not time barred.
2. The Grievance is sustained.  The requirement for nurses in the Union Health Plan to pay co-payments for outpatient physical therapy violates Article 10, Section N of the parties' collective bargaining Agreement.
3. The Employer may not unilaterally eliminate the benefit described in paragraph 2 of this Award.
4. The Employer shall reimburse those HHNA members for any copayments incurred using outpatient PT services since the closure of Huntington Hospital's PT facility.
5. The undersigned shall retain jurisdiction for the purpose of implementation of remedy for four months from the date of Execution of this Opinion and Award.

Dated:    February 4, 2018

_Deborah Gaines_

_____

Deborah M. Gaines

---

[2] There is no evidence of copays prior to 2014.

11

Affirmation
State of New York      }
County of New York }  ss:

I, DEBORAH GAINES, do hereby affirm upon my oath as
Arbitrator that I am the individual described in and who
executed this instrument, which is my award.

_____
                    (Signature)

12