UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                  :

HUNTINGTON HOSPITAL      :  Civil Action No. 18-cv-2628

                        Petitioner,      :

          - against -      :

HUNTINGTON HOSPITAL NURSES  :  **DECLARATION OF PHILIP REPASH,**
ASSOCIATION                   :  **ESQ. IN SUPPORT OF HUNTINGTON**
                                              :  **HOSPITAL'S PETITION TO VACATE AN**
                                              :  **ARBITRATION AWARD**
                      Respondent.    :

------------------------------------------------------------ X

**PHILIP REPASH, ESQ.** hereby declares, pursuant to 28 U.S.C. §1746, as follows:

      1.      I am an attorney admitted to practice law in New York. I am currently employed as Associate General Counsel in the Office of Legal Affairs of Northwell Health, Inc., ("Northwell") a not-for-profit healthcare system whose members include several hospitals located throughout the New York City metropolitan area. My practice is devoted primarily to the field of labor and employment law. I provide legal counsel and represent Northwell and its member institutions in connections with matters in this field, including arbitration of disputes arising under collective bargaining agreements between member institutions and labor organizations.

      2.      Petitioner Huntington Hospital (the "Hospital") is a full-service, 408-bed, nonprofit community hospital serving Huntington Township and the surrounding communities. It is an indirect subsidiary of Northwell and a member of the Northwell Health system.

3. I am fully familiar with the facts and circumstances surrounding this Petition and the underlying arbitration and grievance as I represented the Hospital in the arbitration. Testimony at the arbitration hearing held in this matter was not recorded. As such there is no transcript of the hearing.

4. I make this declaration in support of the Hospital's Petition to vacate the February 4, 2018 Award of Arbitrator Deborah Gaines (the "Award"). A true and correct copy of the Award is annexed as to the Petition.

5. During all relevant times, the Hospital and the Huntington Hospital Nurses Association (the "Union") were parties to a collective bargaining agreement, with the effective dates of October 1, 2015 to September 30, 2018 (the "CBA"). A true and correct copy of the CBA is attached hereto as Exhibit A. The CBA was introduced at the arbitration hearing as Joint Exhibit 1.

6. Attached hereto as Exhibit B is a true and correct copy of the 2014 Huntington Hospital Registered Nurses Benefits Resources Guide. This document was introduced at the arbitration hearing as Employer's Exhibit 1.

7. Attached hereto as Exhibit C is a true and correct copy of the 2013 Huntington Hospital Nurses Health & Welfare and Retirement Plan. This document was introduced at the arbitration hearing as Employer's Exhibit 2.

8. Attached hereto as Exhibit D is a true and correct copy of the 2017 Choice Huntington Hospital Union EPO Plan. This document was introduced at the arbitration hearing as Employer's Exhibit 3A.

9.  Attached hereto as Exhibit E is a true and correct copy of the 2017 Choice Plus Huntington Hospital Union POS Plan.  This document was introduced at the arbitration hearing as Employer's Exhibit 3B.

10. Attached hereto as Exhibit F is a true and correct copy of an August 1, 2014 letter from Kevin F. Lawlor.  This document was introduced at the arbitration hearing as Joint Exhibit 3.

11. Attached hereto as Exhibit G is a true and correct copy of the Hospital's Post-Hearing Submission submitted to Arbitrator Gaines on December 21, 2017.  I personally drafted the Hospital's Post-Hearing Submission.  The statements contained in Exhibit G are true and accurate statements concerning the testimony and evidence presented in the arbitration hearing in this matter.

12. Attached hereto as Exhibit H is a true and correct copy of the "Grievance Packet" introduced as Joint Exhibit 2 at the Arbitration Hearing.  The Grievance Packet consists of: (a) a copy of a December 26, 2016 letter from Patricia A. Mills, RN (the "Grievance"); (b) a copy of a January 24, 2017 letter from Lisa Khavkin; (c) a copy of a January 25, 2017 letter from Patricia A. Mills, RN; and (d) a flyer from Sports Therapy and Rehabilitation Services, PLLC ("STARS") announcing the opening of a new location in Huntington, New York.

13. Attached hereto as Exhibit I is a true and correct copy of the Amended Certificate of Incorporation for STARS.  This document was introduced at the arbitration hearing as Employer's Exhibit 4.

14. Attached hereto as Exhibit J is a true and correct copy of a flyer from STARS announcing the opening of a new location in Franklin Square, New York.  This document was introduced at the arbitration hearing as Employer's Exhibit 5.

15. Attached hereto as Exhibit K is a true and correct copy of the Union's Post-Hearing Submission dated December 21, 2017.

16. Attached hereto as Exhibit L is a true and correct copy of a letter from the American Arbitration Association transmitting the Award dated February 5, 2018.  The Hospital received the Award on that date.

17. Attached hereto as Exhibit M is a true and correct copy of the redacted health insurance identification card of Jeanne Pirro, RN introduced by the Union as Union Exhibit 1 at the arbitration hearing.

18. Prior to September 2014, the Hospital operated an outpatient physical therapy clinic.  When the Hospital's physical therapy clinic was in operation prior to September 2014, as a courtesy to Union members using Union health insurance, the Hospital waived the copay for these employees receiving outpatient physical therapy.

19. It was not disputed by the Union at the arbitration hearing that the Hospital never had a practice of reimbursing Union members for copays they were required to pay for physical therapy services they received from third parties.

20. In April 2015, STARS opened an outpatient physical therapy clinic located approximately four and one-half miles from the Hospital.

21. STARS is a professional limited liability corporation incorporated under the laws of New York, and like the Hospital, is part of the Northwell Health system.  STARS operates outpatient physical therapy clinics throughout Long Island.  STARS is a separate and distinct legal entity from the Hospital and is not owned or controlled in any way by the Hospital.

22. Under New York law, professional entities like PLLCs must be owned by individual professionals and cannot be owned by corporate entities nor can they be formed under

{00134574;1}

New York's not-for-profit corporation law.  However, a professional entity, such as a PLLC, may be operated for the benefit of a not-for-profit entity, like a hospital, such that the entity may be eligible for tax-exempt status.  STARS applied for and was granted tax-exempt status as it operates for the benefit of Long Island Jewish Medical Center ("LIJMC").  LIJMC is a separate entity from the Hospital.  Both LIJMC and the Hospital are indirect subsidiaries of Northwell Health, Inc.  LIJMC exercises no control over the Hospital nor does it maintain any financial interest in the Hospital.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 2nd day of May 2018.

_____
PHILIP REPASH, ESQ.

{00134574;1}